**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| PAMELA NEHMAD, | |
| Plaintiff, | Civil No. 18-12321(RMB/AMD) |
| v. | |
| BJ'S WHOLESALE CLUB INC., REMCO, INC. | **OPINION** |
| Defendants. | |

**APPEARANCES:**

REYNOLDS & SCHEFFLER, L.L.C.
By: Thomas F. Reynolds
1200 Mill Road, Suite C
P.O. Box 718
Northfield, NJ 08225
        Counsel for Plaintiff Pamela Nehmad

CHARTWELL LAW
By: Brian M. Searls, Esq.; Rachel Michele Rosenfeld, Esq.;
    John Michael Wutz, Esq.
130 North 18th Street, 26th Floor
Philadelphia, PA 19103
        Counsel for BJ's Wholesale Club, Inc.

MARGOLIS EDELSTEIN
By: Jeanine D. Clark
100 Century Parkway, Suite 200
Mt. Laurel, NJ 08043
        Counsel for REMCO, Inc.

**RENÉE MARIE BUMB**, United States District Judge:

Plaintiff Pamela Nehmad brings this action in relation to personal injuries allegedly sustained when she slipped on a wet floor at a BJ's Wholesale Club. After Defendant/Third-Party Plaintiff BJ's Wholesale Club ("BJ's") filed a Third-Party Complaint against Defendant/Third-Party Defendant REMCO, Inc. ("REMCO"), Plaintiff filed an Amended Complaint, substituting REMCO in place of a fictitious party. Now, REMCO moves to dismiss Plaintiff's Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff's claims are time-barred by the statute of limitations and cannot relate back to the original complaint because the requirements of the "fictitious party" rule were not met. N.J. Ct. R. 4:26-4. This Court disagrees. For the reasons that follow, REMCO's Motion to Dismiss will be **DENIED**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In her Amended Complaint, Plaintiff alleges that she sustained serious injuries when she slipped and fell on a wet substance on the floor at the BJ's Wholesale Club in Mays Landing, New Jersey, on July 22, 2016. [Dkt. No. 11]. On April 26, 2018, Plaintiff commenced this case in the Superior Court of New Jersey, Law Division, naming BJ's and John Doe (a fictitious party) as defendants. BJ's subsequently removed the case to this Court based on diversity jurisdiction. [Dkt. No. 1].

On August 13, 2018, BJ's filed a Third-Party Complaint against REMCO, alleging that the REMCO created the dangerous condition by failing to properly maintain and repair the refrigerator/freezer, which caused water to leak on the floor, leading Plaintiff to slip and fall. [Dkt. No. 6]. Based on the information in the Third-Party Complaint, on September 10, 2018, Plaintiff amended her Complaint to substitute REMCO as a direct defendant (in the place of previously named fictitious party). Plaintiff's Amended Complaint alleges that REMCO, its agents or employees were, "responsible for the security, maintenance and general safekeeping" of BJ's and "were charged with the obligation of property security, control, maintenance, supervision, repair and general safekeeping of same and with the obligation of keeping the property clear from dangerous condition[s]." Am. Compl., at 3.

On November 13, 2018, REMCO moved to dismiss Plaintiff's Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. [Dkt. No. 24]. Specifically, REMCO argues that Plaintiff's claims are barred by the two-year statute of limitation and that Plaintiff's claims against REMCO cannot relate back to the original Complaint because they failed to meet the specificity and diligence requirements of the fictitious party rule as set forth in N.J. Ct. R. 4:26-4.

This Court issued an order, on June 20, 2019, instructing Plaintiff to address any efforts taken to ascertain REMCO's identity prior to commencing this action, or to provide a good faith reason why such an inquiry was not possible. [Dkt. No. 37]. In response, Plaintiff submitted a letter certifying that after Plaintiff's incident, Plaintiff corresponded with BJ's in writing and by telephone, specifically requesting an incident report. [Dkt. No. 38]. Plaintiff alleges that "at no point did BJs supply [her] with any information regarding the third party vendor, REMCO and/or blame them or incorporate them into the original incident report." Id.

## II.    MOTION TO DISMISS STANDARD

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 662. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. Id. at 678. "[A] plaintiff's obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012). When undertaking this review, courts are limited to the allegations found in the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

### III. <u>**PRELIMINARY MATTERS**</u>

Prior to reaching the merits of REMCO's Motion to Dismiss, the Court must first address issues related to filing of Plaintiff's Amended Complaint. Specifically, REMCO argues that Plaintiff's amendment of the complaint, to name REMCO as a defendant, is invalid because the Amended Complaint was filed

without leave of the Court. Fed. R. Civ. P. 15(a) states that a party "may amend its pleading once as a matter of course" within 21 days of service or 21 days of a responsive motion under Rule 12(b), (e), or (f) is served. If this 21 day time period expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Id.

Plaintiff amended her complaint to name REMCO as a defendant on September 10, 2018, almost five months after the case was commenced in state court. Thus, REMCO is technically correct that Plaintiff was required to seek and obtain this Court's leave to amend her complaint. Although Plaintiff never formally sought this Court's leave, Plaintiff did inform the Court in a letter, filed August 24, 2018, that Plaintiff "will be seeking to amend the complaint and that third party defendant [REMCO] as a direct defendant." [Dkt. No. 8]. At that point, REMCO had already been added to the case by virtue of BJ's Third-Party Complaint and had notice that it was likely to be named as direct defendant. Therefore, in consideration of the liberal standards regarding motions for leave to amend, the Court will construe Plaintiff's August 24, 2018 letter as a motion for leave to amend and grant Plaintiff's request, nunc pro tunc.

# IV.  ANALYSIS

In its Motion to Dismiss, REMCO contends that Plaintiff's claims are time-barred and cannot relate back to the original complaint because Plaintiff does not meet the requirements of the fictitious party rule. N.J. Ct. R. 4:26-4.  Specifically, REMCO argues Plaintiff's original complaint lacked appropriate description under the fictitious party rule and that Plaintiff did not exercise proper due diligence to ascertain its identity. This Court disagrees.

### A.  *Amendment under the Fictitious Party Rule*

Generally, an amended complaint may relate back to the original complaint if "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A); see also, N.J. Ct. R. 4:9-3 (New Jersey's general relation back rule, nearly identical to Fed. R. Civ. P. 15(c)(1)(C)).  In New Jersey, the statute of limitations for personal injury actions, such as the one at issue in this case, is two years. N.J.S.A. § 2A:14-2 ("Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within 2 years next after the cause of any such action shall have accrued.").

New Jersey's fictitious party rule permits relation back, if at the time the complaint was filed, "the defendant's true name is unknown." N.J. Ct. R. 4:26-4. To properly invoke the fictitious party rule, the following conditions must be met:

> First, the plaintiff must not know the identity of the defendant said to be named fictitiously. Second, the fictitiously-named defendant must be described with appropriate detail sufficient to allow identification. Third, a party seeking to amend a complaint to identify a defendant previously named factiously must provide proof of how it learned the defendant's identity. Fourth, although not expressly stated in the Rule, it is well-settled that the Rule is unavailable to a party that does not act diligently in identifying the defendant.

Albibi v. Tiger Mach. Co., 2014 U.S. Dist. LEXIS 97888, at *7-8 (D.N.J. Jul. 17, 2014)(quoting Sarmineto v. St. Mary's Hosp. Passaic, 2012 U.S. Dist. LEXIS 152606, at *13 (D.N.J. Oct. 23, 2012)).

At this stage, REMCO contends that Plaintiff's initial complaint failed to (1) describe REMCO in sufficient detail to allow identification, and (2) act diligently to learn REMCO's identity before the expiration of the statute of limitations.

## B. *Plaintiff's Description of the Fictitious Party*

First, REMCO asserts that Plaintiff's original complaint lacked an adequate description of the third party to provide REMCO with notice. Id. In count three of the complaint, Plaintiff asserted that a fictitious party, its agents and/or

employees was "the owner or lessor and/or was responsible for the security, maintenance and general safekeeping of the property" at issue in this lawsuit. [Pl.'s Compl., p. 3].

The New Jersey Supreme Court instructs that the fictitious party rule be construed liberally because "justice impels strongly toward affording plaintiffs their day in court." <u>Farrell v. Votator Div. of Chemetron Corp.</u>, 62 N.J. 111, 122 (1972). When determining whether the description of the party is sufficiently specific, courts should look at the pleading as a whole. <u>Carroll v. SetCon Indus.</u>, 2011 U.S. Dist. LEXIS 17932, at *11 (D.N.J. Feb. 22, 2011)("The specificity determination lies in whether the description of the fictitious defendants in the original pleading evinces the plaintiff's intention to bring a complaint.").

Looking at the original complaint in its entirety, there is no indication that Plaintiff attempts to substitute a party "beyond the scope of a reasonable interpretation of the original complaint's description." <u>Id.</u> The Complaint alleges that John Doe was responsible for the general safekeeping of the property where plaintiff sustained her injuries and that the name John Doe was fictitious. The Complaint clearly expresses an intent to bring a cause of action against the company responsible for the wet floor conditions at BJ's. Indeed, the description was enough for BJ's to identify REMCO as the third party responsible

for the wet floor conditions by failure to properly maintain the
refrigeration units.  Therefore, this Court finds that the
description of the fictitious party in the original complaint
was sufficient to encompass REMCO as the vendor or contractor
responsible for maintaining refrigerators and freezers at BJ's.

### C. *Plaintiff's Due Diligence Efforts*

REMCO argues that Plaintiff did not exercise proper due
diligence to identify REMCO as the fictitious party. [Def. R.
12(b)(6) Memo, p. 1].  For a plaintiff to employ the fictitious
party rule, due diligence is required both prior to the filing
of the complaint, as well as during the time between the filing
of the complaint and the date the statute of limitation runs.
Mears v. Sandoz Pharms., Inc., 300 N.J. Super. 622, 630 (App.
Div. 1997).  While there is no precise definition of due
diligence under the fictitious party rule, the New Jersey
Supreme Court has instructed courts to "broadly interpret the
diligence requirement to one of a 'good faith' effort by
plaintiff to determine the identity of the party." See Carroll,
at *19 (citing Farrell, 62 N.J. at 120).

Within the context of the fictitious party rule, the
meaning of due diligence will vary based on the facts of each
case.  In general, the courts consider the plaintiff's efforts
in identifying the party, such as, "obtaining publicly available

information, conducting depositions of relevant parties, [and] interviewing witnesses." Id. (citing Baker v. J.J. De Luca Co., 2008 N.J. Super. Unpub. LEXIS 688, at *1-2, *10 (App. Div. Sept. 10, 2008).

New Jersey courts have consistently held that plaintiff has failed to exercise due diligence, precluding use of the fictitious party rule, when a "simple inquiry" would have revealed the identity of the party. Mears, at 631. Furthermore, New Jersey courts have held that dismissal was warranted, due to lack of diligence, when the name of the fictitious party was contained in medical or police records that were readily available to the plaintiff. Matynska v. Fried, 175 N.J. 51, 52 (2002); Cardona v. Data Sys. Computer Ctr., 261 N.J. Super 232, 235 (Law Div. 1992); Mears, at 630.

On the contrary, when a plaintiff has made a good faith effort to obtain necessary files or incident reports, which did not identify the fictitious party, courts have concluded that while plaintiffs' attorneys "could have done more," they "did enough." See Baker v. J.J. De Luca Co., 2008 N.J. Super. Unpub. LEXIS 688, *24 (Oct. 10, 2008) (citing Viviano v. CBS, Inc., 101 N.J. 538, 556 (1986)). That is exactly what occurred in this instance.

In response to this Court's Text Order, issued June 20, 2019, Plaintiff provided information about her efforts to

communicate with BJ's about her claim.  Plaintiff explains that the parties communicated electronically and over the phone, exchanged information, and unsuccessfully attempted to settle Plaintiff's claims.  Plaintiff states that she requested and received a copy of the incident report related to her accident, but that REMCO was not mentioned anywhere within the report. Plaintiff certifies that at no point prior to filing her Complaint did BJ's supply her with any information identifying REMCO as a potential third party. [Dkt. No. 38]. To that end, Plaintiff contends that BJ's Third-Party Complaint was the "first time any information regarding REMCO was available to [her] despite due diligence." Id.

For purposes of this motion, the Court is satisfied that Plaintiff met the "simple inquiry" requirement by requesting the incident report from BJ's.  Although Plaintiff certainly could have done more, this Court finds that allowing Plaintiff to add REMCO as a defendant is warranted in the "interest of justice." Viviano, at 547.

Finally, although not required by the fictitious party rule, courts should consider whether a defendant has been prejudiced by the delay in its identification as a potentially responsible party. Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 122 (1972). In this case, REMCO fails to demonstrate that it will suffer any actual prejudice by being

named as a direct defendant.  Notably, REMCO would have remained involved in this litigation as a Third-Party Defendant, regardless of the outcome of this motion.

**V.**    **CONCLUSION**

For the reasons stated herein, this Court finds that Plaintiff satisfied the requirements for use of the fictitious party rule.  Therefore, REMCO was properly substituted as a defendant and Plaintiff's claims will be allowed to relate back to her original Complaint. Accordingly, REMCO's Motion to Dismiss will be **DENIED**.  An appropriate Order Shall issue on this date.


DATED: June 28, 2019

                                    s/Renée Marie Bumb____
                                    RENÉE MARIE BUMB
                                    UNITED STATES DISTRICT JUDGE